## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **BIRTHRIGHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.  3:17-cv-00196** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CHRISTIANS ALLIANCE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **FEBRUARY 10, 2017** |
| | ) | |

### COMPLAINT

Plaintiff, Birthright, by its undersigned attorneys, for its complaint against Defendant Christians Alliance, Inc., hereby alleges as follows:

### PARTIES

1.      This case arises out of Defendant's unauthorized use, and subsequent application for registration in the U.S. Patent & Trademark Office ("USPTO"), of a mark nearly identical, thus confusingly similar, to Plaintiff's registered mark "WE LOVE THEM BOTH" (Reg. No. 2,117,449).

2.      Plaintiff Birthright is a not-for-profit corporation organized and existing under the laws of Canada, having its principal place of business at 777 Coxwell Avenue, Toronto, Ontario, Canada ("Birthright" or "Plaintiff").

3.      Defendant Christians Alliance, Inc. is a corporation organized and existing under the laws of the state of Connecticut, having its principal place of business at 100 Roscommon Dr., Suite 320, Middletown, CT 06457 (hereinafter "Christians Alliance" or "Defendant").

{M1599207.3}

**JURISDICTION AND VENUE**

4.     This is an action for federal trademark infringement and unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6.     This Court has personal jurisdiction over Defendant, which resides in this judicial district, has transacted and continues to transact business in this judicial district and has sufficient  contacts with this judicial district for the Court to exercise personal jurisdiction over it.

7.     Venue is proper in this district pursuant to 28 U.S.C. §1391 in that a substantial part of the claims occurred in this district, the Defendant's business is located in this judicial district and, upon information and belief, the Defendant regularly transactions business within this judicial district.

**FACTUAL BACKGROUND**

8.     Birthright is a not-for-profit corporation organized under the laws of Canada, and functions as the international headquarters for more than four hundred (400) emergency pregnancy counseling centers operating under the Birthright Charter throughout the United States, Canada and in a number of other jurisdictions.

9.     Birthright centers have provided counseling and a range of related support services to pregnant women in the United States continuously since 1968.  The nature and extent of Birthright's services may be seen at http://www.birthright.org.

{M1599207.3}

10.     Birthright centers are prohibited by the Birthright Charter from affiliating with other entities.

11.     Birthright is the owner of a trademark registration on the USPTO's Principal Register for the mark WE LOVE THEM BOTH!, in connection with "counseling services, namely offering advice to pregnant women" in International Class 42 (Reg. No. 2,117,449) ("Registration").  This Registration issued on December 2, 1997.  A true and correct copy of the pertinent information about this Registration from the USPTO's website is attached as Exhibit A to this Complaint.

12.     Birthright's Registration is valid, subsisting and incontestable pursuant to 15 U.S.C. § 1115 and has been renewed.

13.     It is vitally important to Birthright to protect its marks and names from misuse and dilution in the fields of counseling pregnant women regarding pregnancy, childbirth, health and mental health issues, in order to avoid confusion as to source, affiliation, sponsorship and endorsement.

14.     Birthright has continuously had licensed centers operating in Connecticut since at least as early as 1978, and currently has ten licensed centers operating in Connecticut, through which it offers and renders counseling services to pregnant women.

15.     Birthright has since at least as early as November 1995 continuously used WE LOVE THEM BOTH! as a mark in connection with pregnancy counseling services in the United States directly and through its centers, which operate under license from Birthright, including its centers in Connecticut.

16.     In connection with the counseling services offered and rendered under its WE LOVE THEM BOTH! mark, Birthright offers its clients "love, hope, friendship, information,

practical help and referrals for as long as a woman needs us. We believe that there is hope for women facing unplanned pregnancies and we ensure they are not alone. . . . We are here to help her make a realistic plan without pressure or judgment." Exhibit B (excerpts from Birthright's website). Birthright and its licensed centers offer counseling and emotional support to assist their clients in planning for their pregnancies, adoption and/or parenting.

17.    Birthright's WE LOVE THEM BOTH! mark is inherently distinctive as applied to Birthright's counseling of pregnant women regarding, among other things, childbirth, health and mental health issues.

18.    Upon information and belief, Defendant did not launch its LOVE THEM BOTH program before 2013 and has since 2013 partnered with other faith-based organizations in Connecticut to offer counseling services to pregnant women. *See* Exhibit C (history of Christians Alliance) and Exhibit D (website printout of locations).

19.    On its website, Defendant describes the purposes of its LOVE THEM BOTH program as "Empowering Christians to be spiritual mentors, a friend to a woman in need, and a voice for the unborn. . . .  The end goals of the program are to help a woman in crisis pregnancy make a life-affirming choice for parenting or adoption, begin a relationship with Christ, and transition into being a member of a church body." Exhibit E (screenshots from Defendant's website), at Example 2.

20.    On August 24, 2016, Defendant applied for federal registration of the mark LOVE THEM BOTH (& design) in the USPTO with respect to the following services:  "charitable services, namely organizing pregnancy and resource centers, crisis pregnancy, local community churches" in International Class 35, claiming a date of first use of March 1, 2014 (Ser. No. 87/149,302) ("Application").

4

21.     On December 10, 2016, the USPTO issued a  refusal of registration of the mark of the Application on the ground of likelihood of confusion with the mark of Birthright's Registration.  See <u>Exhibit F</u> (copy of Office Action).

22.     Birthright sent Defendant several communications regarding its concerns about likelihood of confusion granted the close similarity of marks and the overlap and relationship between the services (see <u>Exhibit G</u> for true and correct copies of such correspondence), but Defendant has declined to answer and continues to use its LOVE THEM BOTH mark and, therefore, continues to infringe on Birthright's registered WE LOVE THEM BOTH! mark. See <u>Exhibit E</u>.

23.     Defendant accordingly has been made aware of Birthright's prior rights in the WE LOVE THEM BOTH! mark and has continued to engage in the conduct which is the subject of this complaint in willful disregard of such rights.


## <u>COUNT I</u>
## <u>FEDERAL TRADEMARK INFRINGEMENT PURSUANT TO 15 U.S.C. § 1114(a)</u>

24.     Birthright repeats and realleges paragraphs 1-23 above as if fully set forth herein.

25.     Birthright's Registration serves as constructive notice of Birthright's rights, including through Birthright's use of the ® symbol in connection with its mark.

26.     Upon seeing Defendant's LOVE THEM BOTH mark used in connection with Defendants' services, clients, prospective clients, volunteers, prospective volunteers, private donors and potential donors, and other supporters are likely to believe that such services are offered by or in association with Birthright, or that Birthright and Defendant are affiliated, or that Birthright endorses Defendant's services and its use of Birthright's mark.

{M1599207.3}

27.     Defendant's use of the LOVE THEM BOTH mark is likely to mislead and cause clients, prospective clients, volunteers, prospective volunteers, private donors and potential donors, and other supporters to believe that Defendant's services are offered by, authorized by, endorsed by or affiliated with Birthright.

28.     Defendant's LOVE THEM BOTH mark is substantially similar to Birthright's registered mark, WE LOVE THEM BOTH!, in connection with the promotion, advertising, offering and/or rendering of services nearly identical and otherwise closely related to the services of Birthright without the consent or authorization of Birthright.

29.     Defendant's activities are likely to lead to confusion of the relevant public.

30.     The likelihood of confusion caused by Defendant's use of the LOVE THEM BOTH mark has harmed Birthright and will continue to do so unless and until it is enjoined.

31.     Birthright's goodwill in its Registration and mark will be irreparably harmed if Defendant continues its actions, including by implying an affiliation between Birthright and Defendant, by misrepresenting the source of the services delivered in connection with Defendant's LOVE THEM BOTH mark, and by causing Birthright to lose control over its reputation, particularly as and when the public perceives the quality of the services delivered in connection with Defendant's LOVE THEM BOTH mark to implicate Birthright.

32.     Defendant's use of the LOVE THEM BOTH mark infringes Birthright's rights in its Registration, and its mark, pursuant to 15 U.S.C. § 1114(a).

33.     Upon information and belief, Defendant's actions were taken and have persisted in willful, deliberate and intentional disregard of Birthright's rights.

34.     Defendant's failure to respond to Birthright's attempts to have its concerns addressed without recourse to litigation, coupled with the continued infringement of the mark of

6

{M1599207.3}

Birthright's Registration after being put on notice of Birthright's prior rights in its WE LOVE THEM BOTH!  mark, qualifies as willful conduct justifying an enhancement of any damage award.

35.     This case is exceptional pursuant to 15 U.S.C. § 1117(a).

36.     Birthright has been damaged by the actions of Defendant in an amount which is as yet undetermined.

37.     If the acts of Defendant are allowed to continue, Birthright will continue to suffer irreparable injury for which it has no adequate remedy at law.

**COUNT II**
**FEDERAL UNFAIR COMPETITION PURSUANT TO 15 U.S.C. § 1125(a)**

38.     Birthright repeats and realleges paragraphs 1-37 above as if fully set forth herein.

39.     Defendant's use of its LOVE THEM BOTH mark in connection with its counseling services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, in violation of 15 U.S.C. § 1125(a)(1)(A).

40.     Defendant's use of its LOVE THEM BOTH mark in connection with the counseling services as set forth on its website (Exhibit E) and in its application is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person in violation of 15 U.S.C. § 1125(a)(1)(A).

41.     Birthright has been, will continue to be, damaged by such confusion unless Defendant's actions are enjoined.

7

## PRAYER FOR RELIEF

WHEREFORE, Birthright respectfully requests that this Court grant the following relief in favor of Birthright and against Defendant:

A.      Any and all remedies available to Birthright pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*;

B.      That an order be entered  permanently enjoining and prohibiting Defendant from continuing to use the confusingly similar LOVE THEM BOTH mark, or any other variation thereof that is confusingly similar with the mark of Birthright's Registration;

C.      That an order be entered compelling Defendant to account for all gains, profits and advantages derived by Defendant by the acts complained of in this Complaint;

D.      That judgment be entered against Defendant in favor of Birthright for such gains profits, advantages, and damages that Birthright has sustained as a consequence of Defendant's acts of unfair competition and trademark infringement;

E.      An assessment of costs of suit against defendant, plus pre- and post-judgment interest on each and every award, and that judgment be entered against Defendant in favor of Birthright for all such damages costs expenses and interest as Birthright has incurred in regard to this lawsuit;

F.      That Birthright be reimbursed its reasonable attorney's fees in an amount to be fixed by the Court; and

{M1599207.3}

G.      Such other and further relief in law and in equity to which Birthright may be

entitled to under the circumstances.


Dated: February 10, 2017

Respectfully submitted,

**PLAINTIFF,**
**BIRTHRIGHT**

By:_____/s/ Elizabeth A. Alquist_____
        Elizabeth A. Alquist (ct15643)
        Day Pitney LLP
        242 Trumbull Street
        Hartford, CT 06103-1212
        Telephone: (860) 275-0100
        Facsimile:  (860) 275-0343
        Email: eaalquist@daypitney.com


**OF COUNSEL:**

Roberta Jacobs-Meadway, Esquire
Christina D. Frangiosa, Esquire
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two Liberty Place
50 S. 16th Street, 22nd Floor
Philadelphia, PA  19102
Telephone:    (215) 851-8400
Email: rjacobsmeadway@eckertseamans.com
Email: cfrangiosa@eckertseamans.com

*Attorneys for Plaintiff, Birthright*

9

{M1599207.3}